MEMORANDUM BT THE COURT
Plaintiff seeks to recover certain duties paid on some sheep and goats returned to the United States from Mexico, and *661 relies upon the joint resolution of January 25, 1924, 43 Stat. 2, authorizing the Secretary of the Treasury to refund any duties paid on such animals returned to the United States “ after March 1, 1923, and before the enactment of this resolution.” The petition alleges that the animals were returned “ under date of March 1, 1923.” This averment certainly means they were returned on March 1 or before that date. It does not mean that the animals were returned after March 1, and unless they were so returned the plaintiff has no cause of action. We have no power to prescribe an earlier date than the joint resolution fixed to determine the right to a refund. It authorized a refund of duties for the animals that were returned after March 1, 1923. It did not extend the privilege or benefit for what may have occurred on or before March 1. That Congress meant tp fix a definite date seems clear, and as indicative of its meaning a similar joint resolution approved February 21, 1925 (68th Cong.), may be mentioned. In this later resolution the right to admit certain animals free of duty if brought back “before December 31, 1925,” is secured, while the right to a refund of duties paid is given as to animals returned “ after December 30, 1924.” The two dates are significant, and the fact that December 31 is used in the one case and December 30 is used in the other shows that Congress had a purpose in designating the dates as was done. If there be any doubt as to the proper construction, the rule is that where a statute is the grant of a privilege or benefit that construction must be adopted which is most advantageous to the Government. See Swan & Finch Company v. United States, 190 U. S. 143, 146.
This and the companion case of Hatton, ante, p. 659, were submitted at the same time. Whether this plaintiff could recover in any event in the absence of the proper application to the Secretary for a refund is suggested. Hatton applied for a refund, and the plaintiff apparently relies on the Secretary’s ruling in Hatton’s case without averring that he sought a refund. See Rock Island, Arkansas & Louisiana R. R. Co. case, 54 C. Cls. 22. However, we think it clear that plaintiff can not maintain his action.
Petition dismissed.